1 DAVID BORGEN, CA Bar #099354
2 GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
3 300 Lakeside Drive, Suite 1000
4 Oakland, CA 94612
   (510) 763-9800
5 (510) 835-1417 (fax)
6



FILED

DEC - 6 2004

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                            DEPUTY

7 AARON KAUFMANN, CA Bar # 148580     THERESA TRABER, CA Bar # 116305
8 HINTON, ALFERT & SUMNER              TRABER & VOORHEES
   1646 North California Blvd., Suite 600   128 N. Fair Oaks Avenue, Suite 204
   Walnut Creek, CA 94596               Pasadena, CA 91103
9 (925) 932-6006                        (626) 585-9611
10 (925) 932-3412 (fax)                 (626) 577-7079 (fax)

Attorneys for Plaintiffs

Priority     X  Order
Send         X  Only
Enter        X
Closed
JS-5/JS-6    X
JS-2/JS-3    ___
Scan Only    ___

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

16 WILLIE G. BULLOCK

17        Plaintiff,

18 vs.

19

20 AUTOMOBILE CLUB OF SOUTHERN
   CALIFORNIA, a corporation,
21

22        Defendants.

23

**CLASS/COLLECTIVE ACTION**

Case No. SACV01-731GLT

[~~PROPOSED~~] **ORDER APPROVING
CLASS ACTION SETTLEMENT;
DISMISSING WITH PREJUDICE;
AND, JUDGMENT THEREON**

**Date:      December 6, 2004**
**Time:      10:00 a.m.**
**Ctrm:      10D**
**Hon. Gary L. Taylor**



ENTERED

DEC - 6 2004

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY                            DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

353

This matter came on for a final Fairness Hearing on December 6, 2004. This Court preliminarily approved, in its September 13, 2004 Order, the parties' proposed Joint Stipulation of Settlement and Release ("Settlement Agreement"): (1) Provisionally Certifying a Settlement Class; (2) Preliminarily Approving Class Action Settlement; (3) Directing Distribution to the Class of Notice of Settlement and Opportunity to Opt Out or Object to Settlement; and (4) Setting a Hearing for Final Approval of the Settlement ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, class members have been given reasonable notice of the terms of the Settlement Agreement and the opportunity to object to it or to exclude themselves from the monetary relief provisions, and to submit claims for payment from the Settlement fund.

Not a single class member requested exclusion from or objected to the proposed Settlement Agreement.

Having fully received and considered the proposed Settlement Agreement, the supporting papers filed by Class Counsel, including the Declaration of Dan Rosenthal, and the evidence and argument received by the Court at the Fairness Hearing held on December 6, 2004, the Court, pursuant to Fed. R. Civ. Pro. 23(e), grants final approval to the proposed Settlement Agreement (attached hereto as Exhibit A), and **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

1.   This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.   Pursuant to this Court's Preliminary Approval Order of September 13, 2004, a Class Action Notice and individualized Claim Form were sent to each class member by first class mail. These notices informed class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies, their

1

opportunity to file written objections, and their right to appear in person or by counsel at

the fairness hearing and be heard regarding approval of the Settlement Agreement.

Adequate periods of time were provided by each of these procedures. No class

members requested exclusion or filed written objections to the proposed settlement.

3.      The Court finds and determines that these procedures afforded adequate

protections to class members and provide the basis for the Court to make an informed

decision regarding approval of the settlement based on the responses of class members.

The Court finds and determines that the notice provided in this case was reasonable and

adequate, which satisfied the requirements of Fed. R. Civ. Pro. 23(e)(1)(B) and due

process.

4.      For the reasons stated in the Court's Preliminary Approval Order, the Court

finds and determines that the proposed Settlement Class meets all of the legal

requirements for class certification, and it is hereby ordered that the Settlement Class is

finally approved and certified as a class for purposes of settlement of this action only.

Named plaintiffs Rosemarie Cummings, David Compton, and John Robison are hereby

appointed and designated, for all purposes under this Order, as the representatives of the

Settlement Class, and the following attorneys are hereby appointed and designated as

counsel for the Named Plaintiffs and the Settlement Class ("Class Counsel"):

> GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
> DARDARIAN
> 300 Lakeside Drive, Suite 1000
> Oakland, CA  94612
> Telephone:  (510) 763-9800
> Facsimile: (510)  835-1417
>
> HINTON, ALFERT & SUMNER
> 1646 North California Blvd., Suite 600
> Walnut Creek, CA  94596
> Telephone: (925) 932-6006
> Facsimile: (925) 932-3412
>
> TRABER & VOORHEES
> 128 N. Fair Oaks Avenue, Suite 204

2

Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

Class Counsel are authorized to act on behalf of Settlement Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement.

5.     The Court hereby approves the attached Settlement Agreement. The Court finds that the Settlement Agreement is fair, adequate, and reasonable as to all Settlement Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. The Court further finds that settlement at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the action. The Court further find that the Settlement Agreement has been reached as the result of intensive, non-collusive, arms-length negotiations, including a mediation with an experienced third party neutral.

6.     All terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated.

7.     The Court finds and determines that the payments to be made to the members of the class as provided for in the Settlement Agreement are fair and reasonable and gives final approval to and orders those payments be made to the class members who have submitted valid claims, in accordance with the terms of the Settlement Agreement. Defendants are ordered to file a declaration of payment with the Court as set forth in the Settlement Agreement.

8.     Nothing in this Order shall preclude any action to enforce defendants' obligations under the Settlement Agreement or under this Order, including the

-3

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT;
DISMISSING WITH PREJUDICE; AND, JUDGMENT THEREON – CASE NO. SACV01-731GLT

1  requirement that they make payments to the class members in accordance with the terms

2  of the Settlement Agreement.

3       9.    The Settlement Agreement is not a concession or admission, and shall not

4  be used against Auto Club or any of the Released Parties as an assertion, admission or

5  indication with respect to any claim or any of the Released Parties, or of any fault or

6  omission by Auto Club.

7       10.    This action is hereby dismissed with prejudice.  All Settlement Class

8  members are permanently barred from prosecuting against Defendant or its present or

9  former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors,

10  representatives, successors, or assigns, any individual or class claims which were or

11  could have been asserted in this action, including without limitation any claims arising

12  out of the acts, facts, transactions, occurrences, representations, or omissions set forth in

13  the complaint or amended complaints in this action, through the date of final approval of

14  this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

15       11.    The Court retains jurisdiction to consider all further applications arising out

16  of or connected with the Settlement.

17       IT IS SO ORDERED, CLERK TO ENTER JUDGMENT.

18

19  Dated: _____, 2004

20                         Hon. Gary L. Taylor, Jr.

                          United States District Judge

21

22

23

24

25

26

27

28

4

Exh. A

C:\Documents and Settings\borgen\Local Settings\Temporary Internet

1  DAVID BORGEN, CA Bar No. 099354
2  GOLDSTEIN, DEMCHAK, BALLER,
      BORGEN & DARDARIAN
3  300 Lakeside Drive, Suite 1000
4  Oakland, CA  94612
   (510)  763-9800
5  (510)  835-1417 (fax)

6
   AARON KAUFMANN, CA Bar No. 148580
7  HINTON, ALFERT & SUMNER
   1646 North California Blvd., Suite 600
8  Walnut Creek, CA  94596
9  (925)  932-6006
   (925)  932-3412 (fax)
10

11 THERESA TRABER, CA Bar No. 116305
   TRABER & VOORHEES
12 128 N. Fair Oaks Avenue, Suite 204
13 Pasadena, CA  91103
   (626)  585-9611
14 (626)  577-7079 (fax)

15 Attorneys for Plaintiffs

16

17            UNITED STATES DISTRICT COURT

18        FOR THE CENTRAL DISTRICT OF CALIFORNIA

19              SANTA ANA DIVISION

20

21 WILLIE G. BULLOCK, et al.,          **CLASS/COLLECTIVE ACTION**

22            Plaintiffs,              Case No. SACV01-731GLT

                                       **JOINT STIPULATION OF**
23 vs.                                 **SETTLEMENT AND RELEASE**
                                       **BETWEEN PLAINTIFFS AND**
24                                     **DEFENDANT AUTOMOBILE CLUB**
   AUTOMOBILE CLUB OF SOUTHERN         **OF SOUTHERN CALIFORNIA**
25 CALIFORNIA, a corporation,

26            Defendant.

27

28

This Joint Stipulation of Settlement and Release (hereinafter "Stipulation of Settlement" or "Settlement Agreement") is made and entered into by and between the following parties: Plaintiffs WILLIE G. BULLOCK,[1] ROSEMARIE CUMMINGS, DAVID COMPTON, JOHN ROBISON, TAMRA GONZALEZ, and THOMAS BOBNES individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA ("Auto Club" or "Defendant"), and their respective counsel of record. This Stipulation of Settlement is subject to the terms and conditions hereof and the approval of the Court.

1.      The Plaintiffs and Defendant herein are collectively referred to as "the parties." "Class Counsel" include the law firms of Goldstein, Demchak, Baller, Borgen & Dardarian; Hinton, Alfert & Sumner; and Traber & Voorhees.

2.      On June 30, 1999, Plaintiffs Rosemarie Cummings, Tamra Gonzalez and David Compton filed a proposed class action complaint ("Cummings") in the Los Angeles County Superior Court, on behalf of themselves and all other employees similarly situated, seeking back pay for non-payment of overtime wages and alleging causes of action for violations of the California Labor Code and the California Business and Professions Code. The complaint alleged that Sales Agents and Life Specialists employed by Defendant were misclassified as exempt and consistently worked more than eight (8) hours in a day and forty (40) hours per week for which they were not compensated. The complaint also alleged that Sales Agents were not compensated for necessary business expenses in violation of California law. The complaint also sought penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

---

[1] The parties acknowledge the death of test trial plaintiff Willie G. Bullock on April 5, 2004. His widow, Randi Sue Bullock, is his successor in interest pursuant to Section 377.11 of the California Code of Civil Procedure with respect to his interest in this settlement.

3.    On July 12, 2000, Plaintiffs served Defendant with the First Amended _Cummings_ Complaint, which, among other things, named Thomas Bobnes and John Robison as plaintiffs and putative class representatives.

4.    On August 3, 2001, Plaintiff Willie Bullock filed a proposed collective and class action complaint ("_Bullock I_") in the United States District Court for the Central District of California, on behalf of himself and all others similarly situated, seeking back pay for non-payment of overtime wages and alleging causes of action for violations of the Fair Labor Standards Act ("FLSA"), California Labor Code, and California Business and Professions Code.  The complaint alleged that Sales Agents employed by Defendant were misclassified as exempt and consistently worked more than eight (8) hours in a day and forty (40) hours per week for which they were not compensated.  The complaint also alleged that Sales Agents were not compensated for necessary business expenses in violation of California law.  The complaint further sought recovery of waiting time penalties, attorneys' fees and costs.

5.    On or about October 12, 2001, Plaintiff Bullock served Defendant with the First Amended Complaint in _Bullock I_.

6.    On or about November 1, 2001, Plaintiff Bullock served Defendant with the Second Amended Complaint in _Bullock I_.

7.    On or about May 10, 2002, Plaintiff Bullock served Defendant with the Third Amended Complaint in _Bullock I_.

8.    On or about June 3, 2003, Plaintiff Bullock filed an individual retaliation complaint ("_Bullock II_") against Defendant in the United States District Court for the Central District of California, alleging that Defendant had taken a number of adverse actions against him after he prevailed on his individual overtime and expense claims in the _Bullock I_ action.  His retaliation complaint seeks equitable and injunctive relief, compensatory and punitive damages, and reasonable attorneys' fees and costs.

9.    This settlement resolves the claims of four (4) groups of current and former Defendant Auto Club employees:  (a) all individuals who are employed or have been

employed by Defendant in the State of California as a "Sales Agent" and who filed a consent to join in the <u>Bullock I</u> collective action prior to February 5, 2004 (the date of the mediation, at which the parties entered into the proposed settlement detailed herein); (b) all individuals who are employed or have been employed by Defendant in the States of Texas and New Mexico as a "Sales Agent" between February 5, 2002 and February 5, 2004, who submit a consent to join in the <u>Bullock I</u> collective action as set forth in this Stipulation of Settlement; (c) all persons who are employed or have been employed by Defendant in the State of California as a "Sales Agent," at any time between August 1, 1998 and September 30, 2003 and who have not filed a consent to join the collective action herein prior to February 5, 2004; (d) all individuals who are employed or have been employed by Defendant in the State of California as a "Life Specialist" between February 1, 2001 and September 30, 2003, and who have not demanded arbitration of their individual claims. The Stipulation of Settlement also resolves all claims raised in <u>Bullock II</u> and <u>Cummings</u>.

10.    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaints or amended complaints and further denies that this action is appropriate for class or collective action treatment for purposes of trial. Defendant agrees, however, that class and collective action treatment is appropriate for settlement purposes. Plaintiffs believe they have filed meritorious actions and that class and collective action certifications are appropriate for all purposes.

11.    It is the desire of the parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to these lawsuits that exist between them.

12.    It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to these lawsuits against Defendant, which release includes in its effect all present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates and successors

and assigns of the Defendant, including but not limited to AAA Texas, LLC, AAA New Mexico, LLC, ACSC Management Services, Inc., and the Interinsurance Exchange of the Automobile Club.

13.    Class Counsel have conducted a through investigation into the facts of the collective and class action, including an extensive review of voluminous documents, the taking of many depositions, and have diligently pursued an investigation of Sales Agents' and Life Specialists' claims against Defendant.  Based on its own independent investigation and evaluation, Class Counsel believes that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the <u>Bullock I</u> opt-ins (current and potential) and of the settlement class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and numerous potential appellate issues.  Defendant and Defendant's counsel also agree that the settlement is fair and in the best interests of the collective action and class action participants.

14.    The parties agree to cooperate and take all steps necessary and appropriate to dismiss this action with prejudice.

### TERMS OF SETTLEMENT

15.    NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the parties agree, subject to the Court's approval, as follows:

a.    It is agreed by and among the Plaintiffs and the Defendant that these actions and any claims, damages, or causes of action arising out of the disputes which are the subject of said actions, be settled and compromised as between Plaintiffs and the Settlement Class and Defendant, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the United States District Court for the Central District of California.

b.     It is further agreed that the Plaintiffs and the Defendant will stipulate to amendment of the complaint in <u>Bullock I</u> as follows:

i.     Amended Collective Action: Plaintiffs will aver new collective action claims on behalf of all individuals who are employed or have been employed by Defendant in the States of Texas and New Mexico as "Sales Agents" at any time between February 5, 2002 and February 5, 2004. The Plaintiffs and the Defendant agree that these individuals are "similarly situated" to Plaintiff Bullock and will be offered an opportunity to opt in to the existing collective action pursuant to the FLSA. Any additional opt-in plaintiffs from Texas and New Mexico, along with those plaintiffs who opted in to <u>Bullock I</u> prior to February 5, 2004, will be referred to hereinafter as the "<u>Bullock I</u> Plaintiffs."

ii.     Amended Class Action: Plaintiffs will amend the class allegations in <u>Bullock I</u> to include an action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") for claims under the California Labor Code and the California Business and Professions Code (§ 17200) on behalf of the following sub-classes (collectively referred to hereinafter as the "Settlement Class"):

(1)     All individuals who are employed or have been employed by Defendant in the State of California as "Sales Agents" between August 1, 1998 and September 30, 2003 and who had not filed a consent to join in the <u>Bullock I</u> collective action as of February 5, 2004;

(2)     All individuals who are employed or have been employed by Defendant in the State of California as "Life Specialists" between February 1, 2001 and September 30, 2003 and who have not filed a demand for arbitration of their individual claim.

c.     It is further agreed that the Plaintiffs and the Defendant will stipulate to the dismissal with prejudice of <u>Cummings, et al. v. the Automobile Club of Southern California</u>, Los Angeles Superior Court Case No. BC 212783 and <u>Willie Bullock v. the</u>

1 <u>Automobile Club of Southern California</u>, United States District Court Case No. CV 03

2 926 ("Bullock II").

3         d.     Settlement "Effective Date":  The settlements embodied in this

4 Stipulation of Settlement shall become effective as follows:

5         i.     The collective action settlement will become effective upon

6 the execution of this Stipulation of Settlement by all parties, counsel for the class and

7 Defendant, and entry of a stipulated judgment by the Court approving the collective

8 action settlement and dismissing the collective action with prejudice in accordance with

9 the terms herein.

10         ii.     The class action settlement will become effective upon the

11 execution of this Stipulation of Settlement by all parties, counsel for the class and

12 Defendant and entry of a final order by the Court certifying the class and dismissing this

13 action with prejudice in accordance with the terms herein, and approving this

14 Stipulation of Settlement, following notice to the putative members of the class and a

15 formal fairness hearing, and following the expiration of the time period for the filing of

16 any appeal or the final resolution of any such appeal, whichever is later.

17         e.     Settlement Amount:

18         i.     In consideration for settlement and a release of all claims of

19 the <u>Bullock I</u> Plaintiffs and the Settlement Class against Defendant, Defendant agrees to

20 pay to the <u>Bullock I</u> Plaintiffs and members of the Settlement Class and their

21 representatives amounts as specified below, from the "Net Settlement Fund."  The "Net

22 Settlement Fund" is the balance of the two Settlement Funds ($14,018,000.00 and

23 $5,482,000, respectively) after payments have been made from the $14,000,000.00

24 Settlement Fund for attorneys' fees and costs and administration costs as described

25 below.

26         (1)     Defendant agrees to pay $14,018,000 to resolve claims

27 of the <u>Bullock I</u> Plaintiffs as set forth below:

28

6

(a)    Each Bullock I Plaintiff who is employed or has been employed by Defendant in the State of California as a "Sales Agent," who filed a consent to join in the Bullock I collective action prior to February 5, 2004, and who has provided declaration evidence in support of a gift reimbursement claim prior to February 5, 2004, shall be paid a pro rata portion of $1 million of the $14,018,000 fund, based on the amount each was required to pay for member gifts as reported to and/or calculated by Class Counsel.

(b)    Each Bullock I Plaintiff who is employed or has been employed by Defendant in the State of California as a "Sales Agent," who filed a consent to join in the Bullock I collective action prior to February 5, 2004, shall be paid a pro rata portion of the $14,018,000 Settlement Fund, after payments have been made from the Settlement Fund for gift claims ($1,000,000), liquidated settlements of individual plaintiffs, attorneys' fees and costs, and class settlement and notice administration costs, based on the number of weeks he or she worked as a Sales Agent between August 1, 1998 and September 30, 2003.

(c)    Each Bullock I Plaintiff who is employed or has been employed by Defendant in the States of Texas and New Mexico as a "Sales Agent," who files a consent to join in the Bullock collective action within thirty (30) days of the mailing of the notice, shall be paid pro rata portion of the $14,018,000.00 Settlement Fund, after payments have been made from the Settlement Fund for gift claims, liquidated settlements, attorneys' fees and costs, and class settlement and notice administration costs, based on the number of weeks he or she worked as a Sales Agent in Texas and/or New Mexico between February 5, 2002 and February 5, 2004.

(d)    Defendant agrees to pay Class Representative Willie G. Bullock $35,000 (the amount awarded at the conclusion of Mr. Bullock's individual trial) in consideration for settlement and release of Plaintiff Bullock's individual overtime and gift reimbursement claims and $250,000 in consideration for settlement and release of Plaintiff Bullock's individual retaliation claims as averred in

7

<u>Bullock II</u>.  Of the $250,000 paid to resolve Bullock's retaliation claims, $25,000 is payment for a disputed claim for back pay and $225,000 is payment for a disputed claim for damages on account of emotional distress, including personal injuries and sickness.

     (e)    Defendant agrees to pay Plaintiff Tamra Gonzalez $15,000 in consideration for settlement and release of Plaintiff Gonzalez's individual overtime claims.

     (f) ·    Defendant agrees to pay Plaintiff Thomas Bobnes $70,000 in consideration for settlement and release of Plaintiff Bobnes' individual overtime and gift reimbursement claims.

     (g)    Defendant agrees to pay Class Representative Rosemarie Cummings $25,000 in consideration for settlement and release of Plaintiff Cummings' individual overtime and gift reimbursement claims.

     (h)    Defendant agrees to pay Class Representative John Robison $150,000 in consideration for settlement and release of Plaintiff Robison's individual overtime claims.

     (i)    Defendant agrees to pay Class Representative David Compton $30,000 in consideration for settlement and release of Plaintiff Compton's individual overtime claims.

     (j)    Class Counsel will apply to the Court for payment from the $14,018,000 Settlement Fund of $4,300,000 in attorneys' fees and costs.  Defendant does not and will not oppose this fee application.

     (k)    From the $14,018,000 Settlement Fund, Defendant agrees to pay the reasonable costs of the settlement administrator associated with the administration of this settlement subject to Court approval (estimated costs of $75,000).

     (2)    Defendant agrees to pay up to $5,482,000 to resolve claims of the Settlement Class as set forth below:

(a)    Each member of the Settlement Class who is employed or has been employed by Defendant in the State of California as a "Sales Agent," who did not file a consent to join in the <u>Bullock I</u> collective action prior to February 5, 2004, and who submits a valid and timely Claim Form, shall be paid a pro rata portion of the $5,482,000 Settlement Fund, based on the number of weeks he or she worked as a Sales Agent between August 1, 1998 and September 30, 2003.

(b)    Each member of the Settlement Class who is employed or has been employed by Defendant in the State of California as a "Life Specialist," who has not as of the Effective Date demanded arbitration of his or her individual overtime claim, and who submits a valid and timely Claim Form, shall be paid a pro rata portion of the $5,482,000 Settlement Fund, based on the number of weeks he or she worked as a Life Specialist between February 1, 2001 and September 30, 2003.

(c)    Each applicable week worked will be assigned a pro rata value by the Settlement Administrator and only weeks claimed will be paid from the Settlement Fund. Any portion of the $5,482,000 Settlement Fund remaining after the payments described above have been made will remain with Defendant.

ii.    With the exception of the $225,000 paid to Plaintiff Bullock on his individual retaliation claim for damages on account of emotional distress, and of the $1,000,000 allocated for reimbursement of gift expenses, all settlement payments to class members are for alleged unpaid wages and shall be subject to the withholding of all applicable local, state and federal taxes, along with any employee 401k contribution pursuant to instructions on file with Auto Club. Settlement payments also will be subject to any applicable wage garnishments, liens, or other legal mandates. Defendant will pay its portion of payroll taxes, which will not be deducted from the payments to class members. Class members will receive an IRS Form W-2 for the settlement payment for alleged unpaid wages. Plaintiff Bullock will also receive an IRS Form 1099 for the payment of damages related to his individual retaliation claim and opt-in

9

plaintiffs will receive Form 1099's for payments made as to gift claims.  Payments made under this Settlement Agreement will be included in class members' compensation for purposes of calculating the benefits to which they are entitled under any employee benefit program only to the extent mandated by the benefit program's plan.

     iii.  Defendant shall mail payments to the Named Plaintiffs, Bullock I Plaintiffs and Settlement Class members as follows:

       (1)  Defendant shall mail payments to Plaintiffs Bullock, Bobnes, Cummings, Robison, Compton, and Gonzalez within ten (10) calendar days of Court approval and entry of stipulated judgment of the collective action settlement.

       (2)  Defendant shall mail payments to other Bullock I Plaintiffs within ten (10) calendar days of receiving the report of the Settlement Administrator regarding the appropriate distribution of the collective action settlement fund.

     iv.  Defendant shall mail payments of the attorneys' fees and costs from the $14,018,000 settlement fund ten (10) days after the Court's approval of the collective action settlement.

     v.  Qualified claimants will include only Bullock I Plaintiffs and members of the Settlement Class who submit a valid Claim Form.  The appropriate number of compensable weeks for each qualified claimant will be calculated from Defendant's payroll records.  Members of the Settlement Class will receive a Claim Form upon which will reflect the number of compensable weeks.  Upon receipt of the Claim Form, claimants must sign and return the Form to the Settlement Administrator within the time limit provided on the claim form.  Bullock I Plaintiffs will be issued a check reflecting their portion of the $14,018,000 settlement fund based on their gift claims and weeks of work.  Members of the Settlement Class will have an opportunity to challenge only the relevant amount of compensable weeks by submitting a written challenge to the Settlement Administrator within 30 days of mailing, which challenge

will be resolved without hearing by the Settlement Administrator, who will make a final

and binding determination without right to appeal.

## SETTLEMENT CLAIM FORM REVIEW BY ADMINISTRATOR

16.    The parties have agreed to the appointment of Rosenthal & Company to

perform the duties of a settlement administrator for the purpose of mailing collective

action notice to <u>Bullock I</u> opt-in plaintiffs, to potential <u>Bullock I</u> Plaintiffs employed in

Texas and New Mexico, issuing class notice and Claim Forms, reviewing the Claim

Forms and documentation associated with the number of weeks worked by <u>Bullock I</u>

Plaintiffs and Settlement Class members, and verifying any amounts due to qualified

claimants as set forth in this Settlement Agreement.  The settlement administrator shall

report, in summary or narrative form, the substance of its findings.  The settlement

administrator shall be granted reasonable access to Defendant's records in order to

perform its duties.  All disputes relating to the settlement administrator's ability and

need to perform its duties shall be referred to the Court, if necessary, which will have

continuing jurisdiction over the terms and conditions of this Settlement Agreement,

until all payments and obligations contemplated by the Settlement Agreement have been

fully carried out.

## NOTICE TO THE PLAINTIFF CLASS

17.    <u>Bullock I</u> Plaintiffs and potential plaintiffs (in Texas and New Mexico) and

members of the Settlement Class will receive, as appropriate, one of the three notices set

forth below.  A Notice of Pendency of Class Action, Proposed Settlement and Hearing

Date for Court Approval ("Notice of Pendency of Class Action and Proposed

Settlement") in the form attached hereto as Exhibit "A" shall be sent to members of the

Settlement Class.  Attached to the Notice of Pendency of Class Action and Proposed

Settlement will be a Claim Form and instructions, in the form attached hereto as Exhibit

"B."  A Notice of Settlement and Procedures for Texas and New Mexico Sales Agents

to Opt-In in the form attached hereto as Exhibit "C" and approved by the Court shall be

sent to individuals who are employed or have been employed by Defendant as a "Sales

Agent" in the States of Texas and/or New Mexico. Attached to this notice will be a Consent-to-Join Form and instructions, in the form attached hereto as Exhibit "D." A Notice of Settlement (California) in the form attached hereto as Exhibit "E" shall be sent to individuals who filed a consent to join in to the <u>Bullock I</u> action by February 5, 2004. All notices referenced above are subject to Court approval. All notices will be sent by the Settlement Administrator by first class mail. Notice to the <u>Bullock I</u> Plaintiffs (current and potential) will be sent within fifteen (15) days of the entry of a stipulated judgment approving the FLSA settlement. The Settlement Class will be sent notice within fifteen (15) days of the entry of the order granting preliminary approval of the Rule 23 settlement and notice. Any returned envelopes from these mailing with forwarding addresses will be utilized by the settlement administrator to locate class members.

18.    Defendant has provided to Class Counsel and the Settlement Administrator a database of all <u>Bullock I</u> Plaintiffs and potential plaintiffs, and all Settlement Class members, including last known addresses and telephone numbers, Social Security numbers, and dates they worked for Defendant.

19.    The Settlement Administrator will do an address updating check prior to mailing and will use appropriate skip tracing to take appropriate steps to ensure that the appropriate Notice, Claim or Consent-to-Join Form is sent to all <u>Bullock I</u> Plaintiffs, potential plaintiffs, and Settlement Class members.

20.    Class Counsel shall have the right in their absolute discretion to take appropriate steps to locate and assist class members in making claims hereunder.

21.    Class Counsel shall provide the Court, at least five (5) days prior to the final fairness hearing for the Rule 23 settlement, a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the notice.

## CLAIM PROCESS

JOINT STIPULATION OF SETTLEMENT AND RELEASE – CASE NO. SACV01-731CJC

22.    Upon approval by the Court of the Claim Form and instructions attached
hereto as Exhibit "B" and the Consent-to-Join Form attached hereto as Exhibit "D," the
forms shall be mailed to potential <u>Bullock I</u> Plaintiffs and Settlement Class members
along with the appropriate Notice described above.

23.    Each Claim Form will list the covered positions and set forth the number of
weeks which Defendant's records show each Settlement Class member worked as either
a Sales Agent or a Life Specialist during applicable class period.  The class members
may challenge those dates based on Defendant's record as provided above.

24.    No Claim Forms or Consent-to-Join Forms will be honored if postmarked
more than thirty (30) days after the date mailed to class members.  Additional time may
be provided to a claimant for good cause and within an amount of time determined by
the Settlement Administrator not to exceed thirty (30) days.

25.    All original Claim Forms and Consent-to-Join Forms shall be filed directly
with the Settlement Administrator at the address indicated on the Form.

26.    Each potential <u>Bullock I</u> Plaintiff (Texas and New Mexico only) who files
a Consent-to-Join Form shall be paid a pro rata portion of the $14,000,000.00
Settlement Fund, based on the weeks the class member worked as a Sales Agent for
Defendant during the class liability period.  The Settlement Administrator shall make
calculations of payments by reviewing the documentation provided by Defendant.

27.    The Settlement Administrator will certify jointly to Class Counsel and
Defendant's counsel what claims were timely filed.  Defendant is responsible for issuing
the payments and calculating and withholding all required state and federal taxes.  Upon
completion of its calculation of payments, the Settlement Administrator shall provide
Plaintiffs and Defendant with a report listing the amount of all payments to be made to
each qualified claimant.  The Settlement Administrator also will supply Defendant with
an updated address list for the qualified claimants, reflecting any updates discovered by
the Settlement Administrator over the course of administering notice to the class and

receipt of Claim and Consent-to-Join Forms.  A declaration of payment will be filed by Defendant with the Court and provided to Class Counsel.

28.    In the event a Claim or Consent-to-Join Form is submitted timely but is deficient in one or more aspects, the Settlement Administrator shall return the Form to the claimant with a letter explaining the deficiencies and that the claimant shall have 14 days from the date of the deficiency notice to correct the deficiencies and resubmit the Form.  The envelope containing the resubmitted Form must be postmarked within 14 days of the date of the deficiency notice to be considered timely unless there is a showing of good cause for additional time.  No claimant will be provided a second notice of deficiency, except upon a showing of good cause.

29.    Claimants shall have ninety (90) calendar days after mailing by Defendant to cash their settlement checks.  If any claimants do not cash their checks within that 90-day period, their check will be void and a stop-pay will be placed.  In such event, those claimants will be deemed to have waived irrevocably any right in or claim to any settlement share, but the Settlement Agreement nevertheless will be binding upon them.

## RELEASE BY THE CLASS

30.    Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, the Bullock I Plaintiffs, the Settlement Class members, and the Class Representatives, fully release and discharge the Automobile Club of Southern California and its affiliates from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action whatever kind or nature, whether known or unknown, that were alleged or could have been alleged in the Cummings, Bullock I, and Bullock II Complaints, including but not limited to all claims of unpaid overtime, waiting time penalties, interest and other overtime claims or penalties under federal and state law.  Provided however, that this release does not apply to potential Bullock I Plaintiffs in Texas and New Mexico who do not timely file Consent-to-Join Forms (Exhibit D) as provided herein.

31.     <u>Bullock I</u> Plaintiffs, the Settlement Class members, and the Class Representatives, waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

In order to achieve a full and complete release of Defendant of all claims arising from or related to this lawsuit, each class member acknowledges that this Settlement Agreement is intended to include in its effect all claims which were or could have been asserted in this action, including claims which each class member does not know or suspect to exist in his or her favor against Defendant.

32.     This Settlement Agreement shall constitute a full and complete settlement and release, which release includes in its effect all present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates and successors and assigns of the Defendant.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

33.     Upon execution of this Stipulation of Settlement, the parties shall promptly submit this Stipulation of Settlement to the United States District Court for the Central District of California, together with Plaintiffs' approval motions for determinations by the Court as to the fairness, adequacy, and reasonableness of the settlement(s) and for an award of attorneys' fees. At the same time, the parties shall apply to the Court for the entry of a preliminary order with respect to the Rule 23 class action settlement to include the following:

a.     Scheduling a fairness hearing on the question of whether the proposed class action settlement should be finally approved as fair, reasonable and adequate as to the members of the class;

b.      Approving as to form and content the Notice proposed herein;

c.      Approving as to form and content the proposed Claim Form;

d.      Directing the mailing of the Notice proposed herein and Claim Form and instructions by first class mail to the appropriate class members;

e.      Preliminarily approving the settlement; and

f.      Preliminarily certifying the class for purposes of settlement and appointing Plaintiffs' counsel as Class Counsel.

34.     The parties will also apply to the Court for an entry of Stipulated Judgment as to the FLSA collective action and approving the <u>Bullock I</u> settlement (including attorneys fees and costs) as fair, adequate, and reasonable.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

35.     Concurrent with the final approval motion for the Rule 23 settlement provided for in this Settlement Agreement, counsel for the class will submit a proposed final order and judgment:

a.      Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

b.      Dismissing this action on the merits and with prejudice and permanently barring all Settlement Class members from prosecuting against Defendant or its present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors, representatives, successors, or assigns, any individual or class claims which were or could have been asserted in this action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the complaint or amended complaints in this action, through the date of final approval of this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

## VOIDING THE SETTLEMENT AGREEMENT

36.     A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the parties' settlement shall render

the entire Settlement Agreement voidable and unenforceable as to all parties herein at the option of either party. Each party may exercise its option to void this settlement as provided above by giving notice, in writing, to the other and to the Court at any time prior to final approval of the settlement by the Court.

## PARTIES' AUTHORITY

37.    The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

38.    The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

39.    Defendant agrees that it will not attempt to discourage <u>Bullock I</u> potential plaintiffs from filing Consent-to-Join Forms or Settlement Class members from filing Claim Forms.

## NO ADMISSION

40.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Stipulation of

Settlement is a settlement document and shall, pursuant to the Federal Rules of Evidence Rule 408, be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce this Stipulation of Settlement.

### ENFORCEMENT ACTIONS

41.   In the event that one or more of the parties to this Stipulation of Settlement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this stipulation or to declare rights and/or obligations under this stipulation, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

### NOTICES

42.   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Class:

> David Borgen, Esq.
> GOLDSTEIN, DEMCHAK, BALLER BORGEN & DARDARIAN
> 300 Lakeside Drive, Suite 1000
> Oakland, CA  94612

To the Defendant:

> Michael A. Hood, Esq.
> PAUL, HASTINGS, JANOFSKY & WALKER, LLP
> 695 Town Center Drive, 17th Floor
> Costa Mesa, CA  92626-1924

### CONSTRUCTION

43.   The parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the parties and that this Stipulation of Settlement shall not be construed in favor of or

against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this stipulation.

## CAPTIONS AND INTERPRETATIONS

44.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this stipulation is contractual and not merely a recital.

## MODIFICATION

45.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the parties hereto, and except with the approval of the Court in case of modification of any provisions previously given preliminary approval by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

## INTEGRATION CLAUSE

46.    This Stipulation of Settlement contains the entire agreement between the parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

47.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, trustees, executors, administrators and successors. The parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

48.    It is agreed that because the <u>Bullock I</u> Plaintiffs and members of the Settlement Class are so numerous, it is impossible or impractical to have each <u>Bullock I</u> Plaintiff and Settlement Class member execute this Stipulation of Settlement. The proposed notices described herein will advise all <u>Bullock I</u> Plaintiffs and Settlement Class members of the binding nature of the settlement and release, and this Settlement and the release incorporated therein shall, once the Court has approved it, have the same force and effect as if this Stipulation were executed by each <u>Bullock I</u> Plaintiff and Settlement Class member, except for those Sales Agents in Texas and New Mexico who have not filed a consent to join in the <u>Bullock I</u> action by the date prescribed in this Stipulation of Settlement.

## COUNTERPARTS

49.    This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated:  8-22    , 2004          Respectfully submitted,

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

DAVID BORGEN, CA Bar No. 099354
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510)  763-9800
(510)  835-1417 (fax)

AARON KAUFMANN, CA Bar No. 148580
HINTON, ALFERT & SUMNER
1646 North California Blvd., Suite 600
Walnut Creek, CA 94596
(925) 932-6006
THERESA TRABER, CA Bar No. 116305
TRABER & VOORHEES
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
(626) 585-9611
(626) 577-7079 (fax)

ATTORNEYS FOR PLAINTIFFS

Dated: _____, 2004     PAUL, HASTINGS, JANOFSKY & WALKER, LLP

_____

MICHAEL HOOD
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626-1924
(714) 668-6200
(714) 979-1921 (fax)

ATTORNEYS FOR DEFENDANTS

1                       AARON KAUFMANN, CA Bar No. 148580

2                       HINTON, ALFERT & SUMNER

3                       1646 North California Blvd., Suite 600
                        Walnut Creek, CA  94596

4                       (925) 932-6006

5                       THERESA TRABER, CA Bar No. 116305
                        TRABER & VOORHEES

6                       128 N. Fair Oaks Avenue, Suite 204
                        Pasadena, CA  91103

7                       (626) 585-9611

8                       (626) 577-7079 (fax)

9                       ATTORNEYS FOR PLAINTIFFS

10 Dated: _Aug. 22_, 2004      PAUL, HASTINGS, JANOFSKY & WALKER, LLP

11

12                      MICHAEL HOOD

13                      PAUL, HASTINGS, JANOFSKY & WALKER, LLP
                        695 Town Center Drive, 17th Floor

14                      Costa Mesa, CA  92626-1924

15                      (714) 668-6200
                        (714) 979-1921 (fax)

16

17                      ATTORNEYS FOR DEFENDANTS

18

19

20

21

22

23

24

25

26

27

28